IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-319-GPM |
| | ) |
| ROD R. BLAGOJEVICH, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**COUNT 1**

Plaintiff's first claim is that when he was transferred from Vienna to Pinckneyville in January 2006, he was confined to segregation for five months. Plaintiff claims that he should only have been in segregation for three months; therefore, his rights were violated due to the extra two months in segregation.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for a total of five months, only two of which he challenges. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 1 is dismissed from this action with prejudice.

**COUNT 2**

Plaintiff's second claim is that while he was in segregation at Pinckneyville, he was not provided with access to the law library. Therefore, he was unable to file a change-of-address notification with federal or state courts in which he had pending litigation.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In this case, the Court finds that Plaintiff certainly did not need to visit the law library in order to send a change of address to any court; such a notification could easily be prepared in his cell. Therefore, he has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

**COUNT 3**

Plaintiff's final claim is that he received a false disciplinary ticket issued by Officer Cocke. At the hearing, the Adjustment Committee was unable to substantiate the charges, so the ticket was expunged. Because Plaintiff suffered no loss of any protected liberty interest due to this incident, no constitutional violation occurred. Accordingly, Count 3 is dismissed from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 07/27/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge